Bradford J. Black (SBN 252031)
BRADFORD BLACK P.C.
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 813-6211
Facsimile: (415) 813-6222
Email: bblack@bradfordblack.com

*Attorneys for Plaintiff*
CARDAUTH SOLUTIONS LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDAUTH SOLUTIONS LLC,<br><br>            Plaintiff,<br><br>       v.<br><br>YUBICO, INC.,<br><br>          Defendant. | Case No. 3:26-cv-03576<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CardAuth Solutions LLC ("CardAuth" or "Plaintiff"), by and through its attorneys, brings this action and makes the following allegations of patent infringement relating to U.S. Patent No. 8,689,013 ("the '013 Patent" or "the patent-in-suit"). Defendant Yubico, Inc. ("Yubico" or "Defendant") infringes the patent-in-suit in violation of the patent laws of the United States of America, 35 U.S.C. § 271 *et seq.*, and CardAuth seeks compensation for this infringement.

## THE PARTIES

1. Plaintiff CardAuth Solutions LLC is a Texas limited liability company with its principal place of business at 121 Frederick St., Austin, Texas 78704.

2. Upon information and belief, Defendant Yubico, Inc. is a Delaware corporation that maintains a regular and established place of business at 5201 Great America Parkway, Suite 122, Santa Clara, California 95054. Upon information and belief, Yubico conducts business in California, in this District, and elsewhere in the United States, including by making, using, testing, offering to sell, selling, importing, marketing, and supporting YubiKey hardware security keys, including the YubiKey 5 FIPS Series and at least the YubiKey 5 NFC FIPS, and related FIDO U2F / CTAP1 functionality.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

4. This Court has personal jurisdiction over Defendant for at least the following reasons: (a) Defendant is located in this District; (b) Defendant has committed acts of patent infringement and/or contributed to or induced acts of patent infringement in this District and continues to do so; (c) Defendant has purposefully established substantial, systematic, and continuous contacts with this District and should reasonably expect to be subject to this Court's jurisdiction; and (d) Defendant regularly does or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in this District and in California.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Defendant has a regular and established place of business in this District and has committed acts of infringement in this District.

## DIVISIONAL ASSIGNMENT

6.    Pursuant to Civil L.R. 3-2(c) and General Order No. 44, this intellectual property action is assigned on a district-wide basis.

## OVERVIEW OF U.S. PATENT NO. 8,689,013

7.    U.S. Patent No. 8,689,013 (the "'013 Patent"), entitled "Dual-Interface Key Management," was filed on October 20, 2010 and claims priority to October 21, 2008. A true and correct copy of the '013 Patent is attached hereto as Exhibit A.

8.    The '013 Patent describes problems that could arise in prior access-card authentication systems. As described in the specification, prior approaches could require an access card and server to establish a secure channel using processor-intensive key-negotiation operations and, in some implementations, could further require customized intermediate software to decrypt and parse server-transmitted data before that data could be used by the access card. Ex. A, 14:63–15:11.

9.    The specification also describes authentication requests in which data strings are "formatted to serve as challenges" and challenge-response data strings can serve as vehicles for carrying key-management information. Ex. A, 2:14–23.

10.    The specification further explains that a challenge string need not be purely random and may include "an encrypted version of the short-term access keys, or other key-management information," such that key-management information can be hidden within "seemingly random challenge strings." Ex. A, 15:22–36. The patent further explains that this architecture simplifies the operations that must be performed by the access card and intermediate devices and allows the secure channel to be terminated once the challenge string carrying that information is received by the access card. *Id.*

11.    Claim 28 reflects that disclosed architecture. Claim 28 recites an access card having an interface, memory, and processor configured to receive challenge data according to an authentication protocol, where the challenge data is received in lieu of a challenge, the underlying

challenge comprises one or more random numbers, and the challenge data comprises encrypted key-management information. Claim 28 further recites obtaining key-management information from the challenge data by decrypting the encrypted key-management information, storing that key-management information in the memory of the access card, and processing the challenge to generate the authentication response. Ex. A, 33:55–34:12.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 8,689,013**

12.     CardAuth restates and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

13.      CardAuth is the owner by assignment of the '013 Patent. A true and correct copy of the '013 Patent is attached hereto as Exhibit A.

14.     Upon information and belief, Yubico designs, makes, uses, tests, sells, offers to sell, and/or imports into the United States the YubiKey 5 FIPS Series, including at least the YubiKey 5 NFC FIPS, with FIDO U2F / CTAP1 authentication functionality (collectively, the "Accused Instrumentalities" or the "YubiKey 5 FIPS Security Keys"). References in this Complaint to FIDO U2F, U2F, CTAP1, U2F Authenticate, key-handle, and related authentication functionality refer to the accused functionality as implemented in the Accused Instrumentalities, and not to the FIDO U2F / CTAP1 standard in the abstract.

15.     Upon information and belief, the Accused Instrumentalities are portable hardware authentication tokens used to control logical access to digital resources and include, at minimum, a physical interface, internal memory, and onboard cryptographic processing circuitry. Yubico's own product materials describe the YubiKey 5 NFC FIPS as a USB-A and NFC hardware security key used to authenticate to online accounts and services. Yubico's FIPS security policy further identifies the YubiKey 5 cryptographic module as a single-chip module that is the core component for authenticators in the YubiKey 5 product family and supports FIDO/U2F functionality. Accordingly, upon information and belief, the Accused Instrumentalities include an interface, a memory, and a processor coupled to that interface and memory, satisfying the structural limitations of claim 28. *See, e.g.,*



https://www.yubico.com/product/yubikey-5-fips-series/yubikey-5-nfc-fips/

## 2. YubiKey 5 Cryptographic Module

The YubiKey 5 Cryptographic Module (the module) is a single-chip module validated at FIPS 140-2 Security Level 1. Specifically, the module meets the following security levels for individual sections in FIPS 140-2 standard:

Table 1 - Security Level For Each FIPS 140-2 Section

| # | Section Title | Security Level |
|---|---|---|
| 1 | Cryptographic Module Specification | 1 |
| 2 | Cryptographic Module Ports and Interfaces | 1 |
| 3 | Roles, Services, and Authentication | 1 |
| 4 | Finite State Model | 1 |
| 5 | Physical Security | 3 |
| 6 | Operational Environment | N/A |
| 7 | Cryptographic Key Management | 1 |
| 8 | EMI/EMC | 3 |
| 9 | Self-Tests | 1 |
| 10 | Design Assurances | 3 |
| 11 | Mitigation Of Other Attacks | N/A |

### 2.1 Cryptographic Module Specification

The module is the core component for authenticators in the YubiKey 5 product family and supports several functional units: FIDO/FIDO2, FIDO/U2F, PIV, OTP, OpenPGP, OATH, and YubiCrypt.

https://csrc.nist.gov/CSRC/media/projects/cryptographic-module-validation-program/documents/security-policies/140sp3907.pdf

## Technical specifications

| Communication support | | |
|---|---|---|
| | USB-A 2.0 | Yes |
| | USB-C 2.0 | No |
| | Lightning | No |
| | NFC (Near field communication) | Yes |
| | NFC Specifications | ISO 14443-3 Type A |

| Device type | | |
|---|---|---|
| | HID Keyboard | Yes |
| | CCID smart card | Yes |
| | FIDO HID | Yes |

https://www.yubico.com/product/yubikey-5-fips-series/yubikey-5-nfc-fips/

16.     Upon information and belief, during FIDO U2F authentication the Accused Instrumentalities receive, via their USB-A and/or NFC interface, protocol-defined U2F Authenticate request data. Yubico explains that the relying party sends a random challenge "a new one each time," the AppID, and the key handle to the client, and that the client then sends the authenticator data of the form "control byte || challenge parameter || application parameter || key handle." Yubico's U2F APDU documentation similarly identifies the authentication data as "challenge parameter || application parameter || key handle length || key handle," where the challenge parameter is the client data hash. Thus, the Accused Instrumentalities receive structured authentication request data that includes a challenge-related value rather than the raw random challenge alone. The same request

also includes the key handle, and Yubico publicly explains that the YubiKey builds the key handle by encrypting the private key and origin data using the FIDO U2F master key. Accordingly, upon information and belief, the received challenge data includes encrypted key-management information in the key-handle field. *See, e.g.,*

### Step 1
The relying party sends a random challenge (a new one each time), the AppId, and the private key handle to the code running on the client. This login code now calls on the client's U2F Javascript API for authentication.

### Step 2
The client builds the origin data, then sends it along with the challenge, and key handle to the authenticator.

```
control byte || challenge parameter || application parameter || key handle
```

For example, in hex

```
03 50F2A8...37 08D71B...70 86149D...7B
   | challenge |origin data|  handle   |
```

The challenge parameter is not the same one from registration. It is the digest of a new challenge, along with much of the same data used during registration. The origin data (application parameter) is the same from registration. The handle is the same from registration.

https://docs.yubico.com/yesdk/users-manual/application-u2f/how-u2f-works.html

## Authenticate the YubiKey to a relying party
## Inner command APDU info

| CLA | INS | P1 | P2 | Lc | Data | Le |
|-----|-----|-----|-----|-----|------|-----|
| 00 | 02 | *control byte* | 00 | *length* | *data* | (absent) |

The control byte is either 03 (enforce user presence), 07 (check only), or 08 (don't enforce user presence).

The data is

```
challenge parameter || application parameter || key handle length || key handle
```

Where the challenge parameter is the client data hash and the application parameter is the hash of the origin data. Each is a SHA-256 message digest so each is 32 byte long. The key handle length is one byte.

https://docs.yubico.com/yesdk/users-manual/application-u2f/apdu/authenticate.html

COMPLAINT                                      8                        CASE NO. 3:26-cv-03576

> The YubiKey builds a key handle by encrypting the private key and origin data using the FIDO U2F master key. This means the attacker will not be able to build an alternate key handle.
>
> And even if the attacker is able to somehow get the authenticator to compute a signature, the relying party will not authenticate it. That's because the data to sign includes the origin data. The relying party will try to verify the signature using the challenge along with its origin data. However, the authenticator built the signature using the challenge and the atacker's origin data.
>
> Incidentally, it would probably be a good idea to collect the username, then perform U2F, and only after that was successful collect the password.

https://docs.yubico.com/yesdk/users-manual/application-u2f/how-u2f-works.html

17.    Upon information and belief, in that same U2F Authenticate operation, the Accused Instrumentalities process the received challenge-related data according to the U2F authentication protocol to generate the authentication response. Yubico explains that, during U2F authentication, if the origin data matches, the authenticator increments its counter and signs the challenge parameter, application parameter, counter, and a byte indicating whether the user tapped the YubiKey. Yubico's U2F APDU documentation further identifies the successful authentication response as an encoded response comprising user presence, counter, and signature. Accordingly, the Accused Instrumentalities process the challenge to generate a response according to the authentication protocol. *See, e.g.,*

## Step 3

The authenticator uses the origin data and key handle from the client to find and retrieve the appropriate key. If it determines that the origin data provided during authentication does not match the origin data from registration, or more likely, it simply cannot find a key associated with the key handle and origin data, it will return an error.

If the origin data matches, the authenticator increments its counter and signs the challenge parameter, application parameter (origin data), counter, and a byte indicating whether the user tapped the YubiKey. The counter and signature are sent to the client.

The YubiKey has a single counter for all U2F sites (explicitly allowed by the standard), so the initial counter for a new registration might be 0, or it might be greater than zero.

## Step 4

The client sends the counter, challenge, and signature to the relying party, which verifies the signature using the public key (likely stored in the username/password database). It also verifies that the counter is greater than the last authentication.

https://docs.yubico.com/yesdk/users-manual/application-u2f/how-u2f-works.html

### Response APDU info

#### Response APDU for successful authentication

Total Length: 2
Data Length: 0

| Data | SW1 | SW2 |
|---|---|---|
| encoded response | 90 | 00 |

where the encoded response is

```
user presence || counter || signature
```

https://docs.yubico.com/yesdk/users-manual/application-u2f/apdu/authenticate.html

18.     Upon information and belief, during U2F authentication the Accused Instrumentalities obtain key-management information from the received U2F Authenticate request data by decrypting encrypted key-management information carried in the key-handle field of that request. As described above, the U2F Authenticate request delivered to the token includes a key handle. Yubico explains that the private key is never to leave the device in the clear, and that the authenticator creates a handle so the device can recall the specific private key when needed. Yubico further explains that, with the YubiKey, the handle is the key itself, along with the origin data, encrypted using an AES key derived from the FIDO U2F master key, and that later, when presented with the handle, the YubiKey decrypts it and has the private key and correct origin data. Accordingly, upon information and belief, the Accused Instrumentalities obtain key-management information from the received challenge data by decrypting encrypted key-management information contained in the key handle. *See, e.g.,*

## Step 3

The authenticator generates a new ECC key pair (using a standard EC parameter set specified by the FIDO U2F specifications). If the authenticator wants, it can use the information in the origin data as input to the key pair generation process. In fact, the Yubikey performs HMAC on the origin data, using an HMAC key derived from the FIDO U2F master key to generate the key pair. Note that the master key is in the secure element and never leaves the YubiKey.

The authenticator generates a different key pair for each site with which it registers.

The private key is never to leave the device in the clear. In order to find the appropriate private key later, the authenticator creates a handle. This can be anything that the authenticator wants, just so long as it is a way for the device to recall that specific private key when needed. For example, it could be a number, whereby a device numbers all its keys starting with 1. When presented with a handle, retrieve the key associated with that number.

Whatever the handle, it must somehow contain the origin data.

With the Yubikey, the handle is the key itself, along with the origin data, encrypted using an AES key derived from the FIDO U2F master key. Later on, when presented with the handle, the Yubikey decrypts it and has the private key and correct origin data. Someone outside can see the handle, and know that it contains the private key itself. So all they have to do is decrypt it. But they don't know the key-encrypting-key, so they must perform a brute-force attack, which would take trillions of years.

The authenticator now creates a message (sent to the client) containing the public key, the private key handle, and an attestation cert, then signs it using the attestation private key.

https://docs.yubico.com/yesdk/users-manual/application-u2f/how-u2f-works.html

## Step 3

The authenticator uses the origin data and key handle from the client to find and retrieve the appropriate key. If it determines that the origin data provided during authentication does not match the origin data from registration, or more likely, it simply cannot find a key associated with the key handle and origin data, it will return an error.

If the origin data matches, the authenticator increments its counter and signs the challenge parameter, application parameter (origin data), counter, and a byte indicating whether the user tapped the YubiKey. The counter and signature are sent to the client.

The YubiKey has a single counter for all U2F sites (explicitly allowed by the standard), so the initial counter for a new registration might be 0, or it might be greater than zero.

https://docs.yubico.com/yesdk/users-manual/application-u2f/how-u2f-works.html

19. Upon information and belief, the key-management information recovered from the encrypted key handle is stored at least transiently in the internal memory of the Accused Instrumentalities during the U2F Authenticate operation. As described above, Yubico explains that when the key handle is later presented to the YubiKey, the YubiKey decrypts it and obtains the private key and correct origin data. Yubico further explains that, during authentication, the authenticator uses the origin data and key handle to find and retrieve the appropriate key and then uses that information to generate the authentication response. Consistent with that operation,

Yubico's FIPS security policy identifies FIDO/U2F Authentication as "Generate an assertion using a U2F key handle," with access to the module's Wrapping Key and Asymmetric Key. The same policy identifies Asymmetric Keys as internally generated private keys stored in "Plaintext in Flash or RAM" and used for "Signature generation." Accordingly, during the U2F Authenticate operation, the recovered key-management information resides at least transiently in the YubiKey's internal memory while the device performs signature generation and related response processing. Upon information and belief, the Accused Instrumentalities therefore store the key-management information in the memory of the access card, satisfying claim 28. *See, e.g.,*

| FIDO/U2F Services | | | | |
|---|---|---|---|---|
| REGISTRATION | Create a U2F key handle | X | | WX – DRBG State<br><br>X – Wrapping Key<br><br>W – Asymmetric Key<br><br>X – Attestation Key |
| AUTHENTICATION | Generate an assertion using a U2F key handle | X | | WX – DRBG State<br><br>X – Wrapping Key<br><br>X – Asymmetric Key |

https://csrc.nist.gov/CSRC/media/projects/cryptographic-module-validation-program/documents/security-policies/140sp3907.pdf

| Key/CSP | Type | Generation | Entry | Output | Storage | Zeroization | Usage |
|---|---|---|---|---|---|---|---|
| | | be internally generated. | by Secure Channel  Hash-OTP Secret cannot be imported | | | | |
| OATH Seed Key | HMAC SHA1/256/512 | N/A | Plaintext (direct entry) or Encrypted by Secure Channel | N/A | Plaintext in Flash | Zeroization | Used to generate HOTPs or TOTPs |
| Asymmetric Keys | RSA 2048 - 4096 bits or  EC P-256/P-384/P-521 or  Non-NIST curves private keys | Internally, using the DRBG | Plaintext (direct entry) or Encrypted by Secure Channel  or  SP800-38F Key Wrap (AES CCM) | AES CCM SP800-38F Key Wrap (FIDO ONLY) | Plaintext in Flash or RAM | Zeroization | Signature generation, ECDH, and RSA key unwrap |

https://csrc.nist.gov/CSRC/media/projects/cryptographic-module-validation-program/documents/security-policies/140sp3907.pdf

20.     Upon information and belief, Yubico has directly infringed and continues to directly infringe the '013 Patent by, among other things, making, using, testing, selling, offering to sell, and/or importing in the United States the Accused Instrumentalities during the term of the '013 Patent. See 35 U.S.C. § 271(a).

21.     Upon information and belief, by making, using, testing, offering to sell, selling, and/or importing the Accused Instrumentalities, Yubico has injured CardAuth and is liable to CardAuth for directly infringing one or more claims of the '013 Patent, including at least claim 28, pursuant to 35 U.S.C. § 271(a). The Accused Instrumentalities meet each and every limitation of at least claim 28 as alleged herein.

22.     Upon information and belief, Yubico has also indirectly infringed and continues to indirectly infringe the '013 Patent by actively inducing infringement under 35 U.S.C. § 271(b).

23.     Yubico has had knowledge of the '013 Patent since at least February 5, 2026, when it received a letter identifying the '013 Patent and notifying it of its infringement.

24.     Upon information and belief, at least since receiving notice of the '013 Patent and CardAuth's infringement allegations, Yubico intended to cause and has caused infringement by

COMPLAINT                                         13                          CASE NO. 3:26-cv-03576

third-party customers and end users of the Accused Instrumentalities, and knew or was willfully blind to the fact that its inducing acts would cause infringement. Yubico specifically intended, and was aware, that the ordinary and intended use of the Accused Instrumentalities in FIDO U2F / CTAP1 authentication would infringe the '013 Patent. Yubico provides product documentation, developer materials, support materials, and instructions describing and encouraging customers and end users to register and use the Accused Instrumentalities with FIDO U2F-enabled services and applications. When customers and end users use the Accused Instrumentalities in that ordinary and intended manner, the devices perform the accused FIDO U2F authentication functionality alleged herein. By providing those instructions and materials, Yubico specifically intended to and did encourage, instruct, and lead customers and end users to use the Accused Instrumentalities in a manner that directly infringes one or more claims of the '013 Patent, including at least claim 28.

25.     After receiving CardAuth's February 5, 2026 notice letter, Yubico continued to make, use, test, sell, offer to sell, import, market, support, and promote the Accused Instrumentalities and their FIDO U2F / CTAP1 authentication functionality. Upon information and belief, Yubico also continued to publish, host, and circulate product documentation, developer materials, support materials, and instructions encouraging customers and end users to use the Accused Instrumentalities in the accused manner, demonstrating at least reckless disregard of CardAuth's patent rights.

26.     Despite having notice of its infringement, Yubico has continued to make, use, test, offer to sell, sell, import, market, support, and promote the Accused Instrumentalities and their FIDO U2F / CTAP1 authentication functionality in a manner that infringes the '013 Patent. Yubico's post-notice conduct is willful, and CardAuth is therefore entitled to enhanced damages under 35 U.S.C. § 284.

27.     As a result of Yubico's infringement of the '013 Patent, CardAuth has suffered monetary damages and seeks no less than a reasonable royalty for Yubico's use of the patented invention, together with pre-judgment and post-judgment interest and costs as fixed by the Court. See 35 U.S.C. § 284.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff CardAuth respectfully requests that this Court enter:

a)  A judgment in favor of CardAuth that Yubico has infringed the '013 Patent;

b)  A judgment that Yubico's infringement of the '013 Patent is willful;

c)  An award of damages resulting from Yubico's acts of infringement in accordance with 35 U.S.C. § 284;

d)  A judgment that this case is exceptional under 35 U.S.C. § 285 and awarding CardAuth its reasonable attorneys' fees, costs, and expenses incurred in this action;

e)  A judgment and order requiring Yubico to provide an accounting and to pay supplemental damages, including, without limitation, pre-judgment and post-judgment interest; and

f)  Any and all other relief to which CardAuth may be entitled.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CardAuth requests a trial by jury of any issues so triable by right.


Dated:  April 25, 2026                    Respectfully Submitted,

                                          /s/ *Bradford J. Black*
                                          Bradford J. Black

                                          Bradford J. Black (SBN 252031)
                                          BRADFORD BLACK P.C.
                                          1 Embarcadero Center, Suite 1200
                                          San Francisco, CA 94111
                                          Telephone: (415) 813-6211
                                          Facsimile:  (415) 813-6222
                                          Email: bblack@bradfordblack.com

                                          *Attorneys for Plaintiff*
                                          CARDAUTH SOLUTIONS LLC

COMPLAINT                                15                       CASE NO. 3:26-cv-03576